IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

JOSEPH FRASER,

    Plaintiff,

v.                                                                                  Civil Action No. 7:24-cv-00281

T W GRIMES IRON AND
METAL LLC and TRAVIS GRIMES

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JOSEPH FRASER (hereinafter sometimes referred to collectively as "Plaintiff"), by and through his undersigned counsel, sues Defendants, T W GRIMES IRON AND METAL LLC and TRAVIS GRIMES (hereinafter sometimes collectively referred to as "Defendant"), and in support thereof states as follows:

## INTRODUCTION

1. This is an action by Plaintiff against his former employers for unpaid wages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq.* and retaliation under *Sabine Pilot*.

## JURISDICTION

2. This Court has jurisdiction to hear the merits of Plaintiff's overtime claim pursuant to 28 U.S.C. § 1331, since this claim arises under federal law, and by the private right of action conferred in 29 U.S.C. § 216(b). This Court has

supplemental jurisdiction to hear the merits of Plaintiff's state-law claim under 28 U.S.C. § 1367, because the claims arise under the same operative facts as Plaintiff's federal claims.

## VENUE

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Defendant T W GRIMES IRON AND METAL LLC's principal place of business is in Odessa, Ector County, Texas and Defendant TRAVIS GRIMES resides in Odessa, Ector County, Texas.

## THE PARTIES

4. Plaintiff JOSEPH FRASER is an individual residing in Midland County, Texas.

5. Plaintiff JOSEPH FRASER was employed by Defendant T W GRIMES IRON AND METAL LLC from approximately February 2022 to September 5, 2024 as a Commercial Driver whose primary duties were to deliver scrap metal for sale at a flat rate of $1,700 per week between February 2022 through December 2023 and a flat rate of $1,800 per week between January 2024 through September 5, 2024.

6. Defendant T W GRIMES IRON AND METAL LLC is a limited liability company formed and existing under the laws of the State of Texas and

maintains its principal place of business in Ector County, Texas.

7. Defendant T W GRIMES IRON AND METAL LLC is a professional recycling company offering scrap metal recycling and is an employer as defined by 29 U.S.C. § 203(d).

8. Defendant T W GRIMES IRON AND METAL LLC has employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff was employed.

9. Defendant TRAVIS GRIMES is an individual residing in Ector County, Texas.

10. Defendant TRAVIS GRIMES is an individual who at all times relevant to this matter acted directly or indirectly in the interest of Defendant T W GRIMES IRON AND METAL LLC in relationship to Plaintiff. By virtue of these activities, Defendants are joint employers as defined by 29 U.S.C. § 203(d).

11. Defendant TRAVIS GRIMES (1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records. Defendant TRAVIS GRIMES personally supervised Plaintiff and determined his rate of pay and job duties. Defendant TRAVIS GRIMES was

directly responsible for the handling and approval of payroll for Defendant T W GRIMES IRON AND METAL LLC.

12. At all times material to this complaint, Defendant T W GRIMES IRON AND METAL LLC employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

13. At all times material to this complaint, Defendant T W GRIMES IRON AND METAL LLC was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

14. At all times material to this complaint, Defendant T W GRIMES IRON AND METAL LLC employed workers who handled imported goods, which during their existence, had been shipped to Texas in interstate commerce that were manufactured outside of the state of Texas.

15. At all times material to this Complaint, Defendants were the employers of Plaintiff, and as a matter of economic reality, Plaintiff was dependent upon Defendants for his employment.

## COUNT I
## VIOLATION OF THE OVERTIME PROVISIONS OF
## THE FAIR LABOR STANDARDS ACT

16. During one or more weeks of Plaintiff's employment with Defendants,

Plaintiff worked in excess of forty hours, but was never paid the additional half-time premium for each hour over 40 worked in a workweek as required under the FLSA. More specifically, Plaintiff regularly worked Mondays through Fridays from 8:00 a.m. to 5:00 p.m. and Saturdays from 8:00 a.m. to 12:00 p.m., but was only paid his flat salary rate for all hours worked. In addition to Plaintiff's regular schedule, he worked approximately seven Wednesdays from 8:00 a.m. to approximately 8:00/9:00 p.m.

17. Defendants either knew about or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA and failed to act diligently wth regard to its obligations as an employer under the FLSA.

18. Throughout the employment of Plaintiff, the Defendants repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than one and one-half times his regular rate of pay for each hour worked in excess of 40 in a workweek.

19. Defendants' policy of not properly paying overtime was willful.

20. As a result of Defendants' unlawful conduct, Plaintiff has been damaged.

21. Plaintiff is entitled to actual and compensatory damages, including the amount of overtime wages which were not paid that should have been paid.

22. Defendants failed to act reasonably to comply with the FLSA, and so Plaintiff is entitled to an award of liquidated damages in an equal amount as the amount of unpaid wages deemed to be owed pursuant to 29 U.S.C. § 216(b).

23. Plaintiff is also entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

## COUNT II
## RETALIATION UNDER SABINE PILOT

24. Plaintiff realleges and incorporates herein the allegations contained in Paragraphs 2 through 8 above.

25. On or about September 5, 2024, Defendants requested Plaintiff drive a commercial motor vehicle with a gross vehicle weight rating in excess of 10,000 lbs hauling a load of aggregate (i.e. gravel and rock) without a covering tarp. Plaintiff refused as this would be a violation of the Federal Motor Carrier Safety Administration's rules on cargo securement as defined in 49 CFR 392.9. After Plaintiff's refusal, Defendants terminated Plaintiff's employment because Plaintiff refused to haul the aggregate without a functioning tarp or cover.

26. This Court has jurisdiction to hear the merits of Plaintiff's wrongful termination claim under 28 U.S.C. § 1367.

27. This is a claim brought pursuant to the Texas Common Law principals established by *Sabine Pilot Services v. Hauck*, 687 S.W. 2d 733, 735 (Tex. 1985).

28. *Sabine Pilot* prohibits an employer to terminate an employee when the employee refuses to engage in criminal activity at the request of the employer.

29. Plaintiff was an employee within the meaning of *Sabine Pilot* at all times relevant to his Complaint.

30. Defendant was an employer within the meaning of *Sabine Pilot* at all times relevant to this Complaint.

31. Defendant took an adverse employment action against Plaintiff because he refused to engage in criminal activity for which he would be personally liable, at the request and for the benefit of the employer.

32. A causal connection exists between the Plaintiff's refusal to engage in criminal conduct at the request and for the benefit of Defendant, and Defendant's termination of Plaintiff's employment.

33. The unlawful practices committed by Defendant directly caused Plaintiff's damages.

34. As a result of Defendant's unlawful conduct, Plaintiff has suffered economic damages including past and future lost income, interest on back and front pay, job search expenses, and other consequential and incidental financial damages.

35. Defendant's oppressive and/or reckless and malicious conduct calls for the imposition of damages in an amount sufficient to deter Defendant from engaging in such acts in the future in the form of compensatory and punitive damages pursuant to Texas Labor Code § 21.2585.

WHEREFORE, PREMISES CONSIDERED, Plaintiff JOSEPH FRASER demands Judgment against Defendants T W GRIMES IRON AND METAL LLC and TRAVIS GRIMES, for the following:

   a. Awarding Plaintiff compensatory and/or punitive damages, attorneys' fees and litigation expenses as provided by law;

   b. Awarding Plaintiff pre-judgment, moratory interest as provided by law,

   c. Order Plaintiff's reinstatement to his prior position or award front pay in lieu thereof; and

   d. Awarding Plaintiff such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff JOSEPH FRASER demands a jury trial on all issues so triable.

Respectfully submitted this November 4, 2024.

**ROSS SCALISE BEELER AND PILLISCHER**
1104 San Antonio Street
Austin, Texas 78701
(512) 474-7677 Telephone
(512) 474-5306 Facsimile
Charles@rosslawpc.com

_____
**CHARLES L. SCALISE**
Texas Bar No. 24064621

**ATTORNEYS FOR PLAINTIFF**